# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| **DARREN EVANDER SHIELDS** | Case Number: **4:12CR00823-TLW (1)** |
| | USM Number: 24706-171 |
| | Wallace Herbert Jordan, Jr (CJA) |
| | Defendant's Attorney |

### THE DEFENDANT:

■ pleaded guilty to counts <u>one (1) on February 20, 2013</u>.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922(g)(1) | Please see indictment | 03/3/12 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.

❏ Counts __ ☐ is ☐ are   dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

June 19, 2013
Date of Imposition of Judgment

 s/ Terry L. Wooten
Signature of Judge

Hon. Terry L. Wooten, Chief U.S. District Judge
Name and Title of Judge

 June 20, 2013
Date

DEFENDANT: DARREN EVANDER SHIELDS
CASE NUMBER: 4:12CR00823-TLW (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **fifty (50) months.**

■   The court makes the following recommendations to the Bureau of Prisons: that the defendant be evaluated for the need for drug treatment while incarcerated

■   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

DEFENDANT: DARREN EVANDER SHIELDS
CASE NUMBER: 4:12CR00823-TLW (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d) . The defendant shall also comply with the following special condition: 1. The defendant shall participate in a substance abuse treatment program, to include drug testing, as approved by the U.S. Probation Office.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DARREN EVANDER SHIELDS
CASE NUMBER: 4:12CR00823-TLW (1)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$100.00** | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $_____ | $_____ | |

☐ Restitution amount ordered pursuant to plea agreement   **$_____**

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
        ☐     The interest requirement is waived for the ☐ fine  ☐ restitution.
        ☐     The interest requirement for the ☐ fine  ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DARREN EVANDER SHIELDS
CASE NUMBER: 4:12CR00823-TLW (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $100.00 (special assessment) due immediately, balance due

☐ not later than _____ , or

☐ in accordance with   ☐ C,   ☐ D, or   ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    ☐    Payment in equal _____ (weekly, monthly, quarterly)  installments of $_____ over a period of _____ (e.g.,

months or years), to commence _____   *(30 or 60 days)*   after the date of this judgment; or

D    ☐     Payment in equal _____ (weekly, monthly, quarterly)  installments of $_____ over a period of

_____ (e.g., months or years), to commence _____   *(30 or 60 days)* after release from imprisonment to a term of
supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The
court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.



☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed June 19, 2013  and the said order is incorporated herein as part of this judgment.


Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA          )          CRIMINAL NO. 4:12-823
                                  )
vs.                               )
                                  )
                                  )
                                  )
DARREN EVANDER SHIELDS            )

## PRELIMINARY ORDER OF FORFEITURE
## AS TO DARREN EVANDER SHIELDS

1.      On October 23, 2012, a federal grand jury in this district returned an

Indictment charging Defendant, Darren Evander Shields ("Shields", "Defendant"),

with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2.      The Indictment provided that upon Shields' conviction, certain

property enumerated therein, or equivalent substitute assets, would be subject

to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. §

2461(c). The forfeitable property is identified as follows:

Firearms/Ammunition

(a)     9 MM Glock pistol
        Serial No.: KPZ612
        Asset ID: 12-ATF-030311

(b)     14 Rounds 9 mm ammunition
        Asset ID: 12-ATF-030334

3.      On February 20, 2013, Shields pled guilty to the felon-in-possession

charge.

4. Based upon Shields' conviction, and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that Shields was previously convicted of a crime punishable by imprisonment for a term exceeding one year, and may not legally possess firearms or ammunition. The court finds that Shields has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

5. The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Shields has been convicted; therefore, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights.

6. The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. All right, title and interest of Defendant, Darren Evander Shields, in and to the following property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n):

Firearms/Ammunition

(a)   9 MM Glock pistol
      Serial No.: KPZ612
      Asset ID: 12-ATF-030311

(b)   14 Rounds 9 mm ammunition
      Asset ID: 12-ATF-030334

2.    Upon entry, this order becomes final as to Shields, and shall be made a part of his sentence and included in the criminal judgment;

3.    The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

4.    Upon entry of this Order, the Bureau of Alcohol, Tobacco, and Firearms or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights;

5.    Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

6.    Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

7.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

8.    The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

9.    The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

10.    The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_Terry L. Wooten_

TERRY L. WOOTEN
CHIEF UNITED STATES DISTRICT JUDGE

Florence, South Carolina
June 19 , 2013